LIST OF OPINIONS RENDERED
Given by Districts and Counties

1st District—Hamilton, 635.

4th District—Franklin, 637; Montgomery, 633.

6th District—Lucas, 633.

8th District—Cuyahoga, 632, 633, 636. 637.

9th District—Lorain, 635; Summit, 632, 636,

The references are to pages in this paper.

No. 656

## CANTILLION v. STATE

Ohio Appeals, 8th Dist., Cuyahoga County

No. 5496. June 30, 1924

203. CONTEMPT OF COURT—If charges for contempt are reduced to writing, the writing must show wherein the acts of the accused obstruct the administration of justice.

LEVINE, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

James Cantillon was charged by writeen complaint, filed in the Municipal Court of Cleveland, with having committed a contempt of court. The complaint charged that while Judge Virgil J. Terrell was engaged in the trial for case in the criminal branch of said court, Cantillon, a deputy clerk of the court, rushed into the court room and started away with one of the files, whereupon he was accosted by the judge, who demanded to know why he was taking the file. Cantillon replied that he was taking the file to the room of Judge Hull, another judge of said court, who Cantillon said knew about the case.

The judge declared that the case would be tried "here" and then Cantillon said that if so the defendant in the case would have to demand a jury because he, Cantillon, would advise defendant to demand a jury for the reason that twelve men would give him a fairer trial than one. The complaint alleged that Cantillon stood before the court in an arrogant and defiant attitude. On error proceedings, brought by Cantillon, the Court of Appeals held:

By 12136 GC. a court may summarily punish a person guilty of misbehavior so near the presence of the court as to obstruct the administration of justice. Under this section no written charges are required. The court having chosen here to reduce his charges to writing, the accused cannot be held to anything not contained in such writing. An examination of the record does not disclose wherein any of the acts of Cantillon obstructed the administration of justice. It follows that the court was without power to find Cantillon guilty of contempt. Judgment reversed and defendant discharged.

Attorneys—P. J. Mulligan, for Cantillon; J. F. Smith, for State; both of Cleveland.

No. 657

## RALSTON, Adm., v. RALSON et al

Ohio Appeals. Franklin County

No. 97555. Decided June 20, 1924

419. DOWER—1. Leasehold is chattel real, not subject to dower.

2. Widow not entitled to dower out of proceeds of sale of 99 year lease renewable forever.

SOWERS, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action to determine the widow's right to dower. From the agreed statement of facts it appeared that the sole question was whether the widow of the lessee under a lease for 99 years, renewable forever, on real estate situated in Ohio, is entitled to dower when both the husband and wife lived in Ohio before and at his death. Joseph Ralston was the lessee of a 99 year lease, renewable forever, of certain real estate in Columbus, Ohio. At his death this leasehold was sold by the administrator for $49,600. In the Probate Court application was made by the widow for allowance of dower out of this money, and $9443.83 was allowed as dower. An appeal was prosecuted upon the ground that the widow was not entitled to dower out of a leasehold. In reversing the judgment, the Court of Common Pleas held:

1. As a leasehold is a chattel real and not real estate, to give dower out of it is in effect to create a greater estate out of a smaller estate, and this cannot be done by judicial interpretation of common law.

2. A widow is not entitled to dower in the funds in her hands arising from the sale of a 99 year lease renewable forever.

Attorneys—Williams, Sinks & Williams, for Ralson, Adm.; Turner, Calland, Summers & Gearhart, for Ralston et al; all of Columbus.

No. 658

## KAUTZ v. AKRON MORRIS PLAN BANK et

Ohio Appeals, 9th Dist., Summit County

No. 835. Decided March 10, 1924

465. ERROR—Where a party fails to pursue his remedy of appeal or error, he cannot secure a review of question by the lower court

by filing an application or motion for rehearing.

PARDEE, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

The Morris Plan Bank obtained a judgment against Kautz in the Municipal Court of Akron. Later a levy was made upon certain real estate by the sheriff of the Common Pleas Court of Summit county. The real estate was advertised and sold to one Simmons for the sum of $4,335. After making an initial payment of $100 Simmons entred into possession of the property. The sale was confirmed April 7, 1923. Subsequently said purchaser discovered that the property was heavily mortgaged and then brought an independent action in the Common Pleas Court in chancery to have said sale vacated and set aside.

The case was heard by a different judge, and the sale set aside. At a subsequent term a motion was filed by Kautz to vacate said order setting aside and hold for naught said confirmation of sale. The court refused to hear the motion, and upon application, struck said motion from the files. Kautz prosecuted error, claiming that he was not accorded a hearing on his motion. In sustaining the judgment of the lower court the Court of Appeals held:

1. As the plaintiff participated in the hearing and excepted to the proceedings of the court setting aside the confirmation, it was his duty to invoke his ordinary remedy, and his subsequent action was an attempt to substitute another method of procedure for the one usually followed and pointed out by the law in that, instead of having the matter reviewed, he was attempting to have a rehearing upon the matters and things passed upon by the Court of Common Pleas.

Attorneys—Burch, Bacon & Denlinger, for Kautz; Doolittle & Foust and H. W. Schwab, for Bank et all; all of Akron.